# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSELMO SOLORIO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLE,<br><br>　　　　　Defendant. | **Case No.  1:16-cv-00472-LJO-SKO (PC)**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION PER FED. R. CIV. P. 60(b)(1)**<br><br>**(Doc. 8)** |

　　　　Plaintiff, Anselmo Solorio, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This action was closed on September 16, 2016 because Plaintiff failed to file comply with the Court's order by filing either an application to proceed *in forma pauperis* or paying the filing fee, despite being ordered to do so.  (Docs. 3, 5, 6, 7.)  Approximately three months after the case was closed, Plaintiff filed a first amended complaint, (Doc. 8), which is construed as seeking reconsideration of the order that dismissed this action.

　　　　The history that led up to dismissal of this action is straightforward.  Plaintiff filed this action on April 4, 2016, but did not include an application to proceed *in forma pauperis*, or the filing fee.  On April 19, 2016, an order issued for him to submit either an application to proceed *in forma pauperis*, or the filing fee within forty-five days.  (Doc. 3.)[1]  More than forty-five days

---

[1] This order provided Plaintiff an application to proceed *in forma pauperis* for his use.

1

passed and Plaintiff failed to file either.  Thus, on July 22, 2016, the Magistrate Judge issued findings and recommendations for the action to be dismissed because of Plaintiff's failure to obey the Court's order and to prosecute this action which was served on Plaintiff that same day and contained notice that any objections were due within thirty days.  (Doc. 5.)  Plaintiff did not file any objections.  An order adopting the findings and recommendation, which dismissed the action, issued on September 16, 2016, and judgment was entered that same day.  (Docs. 6, 7.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment."  Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

1  F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

After failing to respond to any of the orders issued by the Court, Plaintiff apparently seeks to reopen the case. However, Plaintiff fails to provide any explanation for his delay and failure to submit either an application to proceed *in forma pauperis*, pay the filing fee, or to show he was prevented from doing so by circumstances beyond his control. *Harvest*, 531 F.3d at 749. Further, the First Informational Order issued within days of Plaintiff's filing this action. (Doc. 2.) It notified Plaintiff that all court deadlines are strictly enforced and that he must request extensions of time *before* any established deadlines lapse -- which Plaintiff unapologetically did not do.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the September 6, 2016 order which dismissed this action as well as the findings and recommendation that issued on July 22, 2016, which the September 6, 2016 order adopted, to be supported by the record and proper analysis.

Accordingly, to the extent that Plaintiff's filing on December 9, 2016 (Doc. 8) seeks reconsideration of the dismissal of this action, it is HEREBY DENIED and any objections based thereon are OVERRULED.

IT IS SO ORDERED.

    Dated:   **March 28, 2017**              /s/ Lawrence J. O'Neill  
                                                              UNITED STATES CHIEF DISTRICT JUDGE